UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.Y., by her next friend, JESSICA THOMPSON, | ) ) ) |
| Plaintiff, | ) No. 4 : 14-cv-1514 ) |
| v. | ) ) |
| ST. LOUIS PUBLIC SCHOOLS, | ) ) |
| **Serve at: Superintendent Kelvin Adams**<br>801 N. 11th Street<br>St. Louis, MO 63101 | ) ) ) ) |
| and | ) ) |
| THE SPECIAL ADMINISTRATIVE BOARD OF THE TRANSITIONAL SCHOOL DISTRICT OF THE CITY OF ST. LOUIS | ) ) ) ) ) |
| **Serve at: Chief Executive Officer**<br>**Rick Sullivan**<br>801 N. 11th Street<br>St. Louis, MO 63101 | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the plaintiff, by her attorneys, and for her complaint for attorney's fees states as follows:

## INTRODUCTION

1. This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq., for attorney's fees, costs, and expenses incurred by the plaintiff, A.Y. (hereinafter "the plaintiff" or "the student"), by her parent and next friend, who

1

requested a due process hearing and ultimately prevailed against Saint Louis Public Schools, the school district for the City of Saint Louis.

## JURISDICTION

2. The IDEA confers jurisdiction upon the district courts to award attorney's fees to prevailing parties in actions or proceedings under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(A), (B). Venue is properly located in this judicial district because all parties reside therein.

## PARTIES

3. The plaintiff and her parent, Jessica Thompson, are residents of St. Louis, Missouri. The plaintiff is an eight (8) year old girl who is described as a student with Autism, Speech Impairment-Sound System Disorder, Depression and Post-Traumatic Stress Disorder.

4. Currently, Saint Louis Public Schools ("the district") is under the governance of a three-member Special Administrative Board of the Transitional District of the City of St. Louis ("SAB"). It is a policy-making body with the primary function of establishing and monitoring rules, plans and procedures for the school system.

5. The district is a domestic general assembly organized under the laws of Missouri. The district is the local governmental unit responsible for the delivery of educational services to the plaintiff and is the local educational agency as defined by 20 U.S.C. § 1401(19).

## STATEMENT OF FACTS

6. The plaintiff has received special education services since age 3, when she initially enrolled in Early Childhood educational programs within the Pattonville School District. Prior to April 2012, her primary eligibility for special education services was "Young Child with

2

Developmental Delays." After an evaluation in April 2012, the plaintiff's eligibility was changed to Autism and Speech Impairment-Sound System Disorder.

7. The plaintiff began the 2013-2014 school year, her second grade year, at Bridgeway Elementary School in the Pattonville School District. She attended there until approximately October 14, 2013. While enrolled in the Pattonville School District, Student's special education services were arranged through the Special School District of Saint Louis County ("SSD").

8. The plaintiff's family moved to the City of St. Louis in October 2013. Thereafter, the plaintiff attended Ashland Elementary School, 3921 N. Newstead, St. Louis, MO 63115, from approximately November 11, 2013 to December 20, 2013.

9. Following the plaintiff's admission to Ashland, the district did not conduct an Individualized Education Plan ("IEP") meeting to review or revise the plaintiff's IEP. The district did not provide the plaintiff's teachers or therapists with a copy of her IEP; nor did it implement the plaintiff's IEP. In particular, the district failed to offer the plaintiff either speech and language therapy or occupational therapy, both of which were provided in her IEP.

10. While the plaintiff was in attendance at Ashland Elementary School, she was a victim of emotional, physical and sexual abuse by other students in her class. Other children called her names, beat her up, pulled her hair out, and put their hands inside her pants and touched her inappropriately.

11. The plaintiff was not able to communicate about the foregoing abuse to her teacher or her mother until late December 2013 because of her communication disorder. Eventually, the plaintiff was able to inform her mother through a series of written notes what was happening to her in school. When the plaintiff's mother called the plaintiff's regular education

3

teacher to report the sexual abuse, the teacher failed to notify anyone within the district or to do anything in response. Further, the district failed to respond in any meaningful way even after the Children's Division of the Missouri Department of Social Services informed it of the sexual abuse.

12. At the conclusion of the Christmas holiday in December 2013, the plaintiff attempted to commit suicide by stabbing herself in the neck in order to avoid returning to school. In mid-January 2014, the plaintiff put a knife to her mother's neck threatening to kill her mother and herself because she believed she had to return to Ashland. The plaintiff was then admitted for several days to SSM DePaul Health Center, where she received a prescription for Risperdal. Her psychiatrist noted that the sexual assault and bullying at school contributed to plaintiff's new diagnoses of Depression, Insomnia, and Post Traumatic Stress Disorder ("PTSD"). At that time, the plaintiff was experiencing bouts of aggression, nightmares and stomachaches every day.

13. The district placed the plaintiff in a "homebound" special education program commencing on February 4, 2014. The plaintiff received instruction from a special education teacher at the library with a group of older student approximately one hour per day. However, the district did not modify the plaintiff's IEP to address her suicide attempts or her new medical diagnoses. In addition, the district still failed to address the plaintiff's need for occupational therapy and speech and language therapy in a timely manner. The plaintiff regressed academically in the homebound program.

14. The student's mother filed a due process hearing request on behalf of her daughter on February 24, 2014. The issues at the hearing were whether the district denied a free appropriate public education ("FAPE") to the plaintiff by failing to implement her IEP and by failing to provide the student with protection from bullying at school. The primary relief sought

4

by the plaintiff was placement at Edgewood Children's Center (now known as Great Circle), a private day school in Webster Groves for students with significant emotional impairments.

15. A two-day due process hearing occurred on June 30-July 1, 2014 in St. Louis, Missouri, before a Commissioner appointed by the Missouri Administrative Hearing Commission.

16. The Order of the Commissioner of the Administrative Hearing Commission was entered on August 4, 2014. The Order found that the district failed to provide a FAPE to the student by failing to implement her IEP. The Order further found this failure was "substantial and significant" because occupational therapy and speech and language therapy were necessary for the student to receive an educational benefit. The Order also found the harassment and bullying of the plaintiff denied her a FAPE because it was so severe that it barred the plaintiff from access to educational opportunity. Finally, the Order found the district was deliberately indifferent to the harassment inflicted upon the plaintiff. The Order required placement of the plaintiff at Edgewood at public expense. In short, the Order was fully favorable to the plaintiff because it ordered *all* of the relief requested by her.

17. The district has implemented the foregoing Order in all respects. The relief obtained by the plaintiff is now part of the plaintiff's IEP at Edgewood for the 2014-2015 school year.

18. No appeal has been filed by the district of the Commission's Order. The plaintiff made a demand for reimbursement of attorney's fees and costs and expenses to the district but the district has not responded to date.

## CLAIM FOR RELIEF

19. The plaintiff is the prevailing party within the meaning of 20 U.S.C. § 1415(i)(3)(B)(i)(I) in the foregoing administrative proceeding against the defendant.

20. The plaintiff is entitled to her reasonable attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B).

## PRAYER FOR RELIEF

21. WHEREFORE, the plaintiff prays as follows:

   A. That this Court take jurisdiction over this matter;

   B. That this Court award the plaintiff her reasonable costs, expenses, attorney's fees, and prejudgment interest as the prevailing party in the administrative proceedings in this matter, and for all costs, expenses, attorney's fees, and prejudgment interest associated with bringing this action; and

   C. That this Court grant such other and further relief as it deems just and proper.

Law Offices of Thomas E. Kennedy, III, L.C.

By: */s/ Thomas E. Kennedy, III*
One of the Plaintiff's Attorneys

Thomas E. Kennedy, III, #44617MO
Sarah Jane Hunt, #62899MO
906 Olive St., Ste. 200
St. Louis, MO 63101
314-872-9041
314-872-9043 fax
tkennedy@tkennedylaw.com
shunt@tkennedylaw.com

6